**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------ x

JANINE CARBONE,
on behalf of plaintiff and a class,

                Plaintiff,

    vs.

CALIBER HOME LOANS, INC.;

             Defendant.

------------------------------------------------------ x

CV-15 5190

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 08 2015 ★

LONG ISLAND OFFICE

AZRACK, J.

BROWN, M. J.

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.    Plaintiff Janine Carbone brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Caliber Home Loans, Inc. ("Caliber").

2.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

3.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

4.    Venue and personal jurisdiction in this District are proper because: (a) this action concerns real property within the District; (b) Defendant's communications and notices were received by plaintiff within this District; and (c) Defendant does or transacts business within this District and claims an interest in loans alleged owed by persons in this District and secured by real property in this District.

### PARTIES

5.    Plaintiff Janine Carbone is an individual who resides in a single-family home which she owns (with her husband) in Nassau County, New York.

6.    Defendant Caliber is a Delaware corporation with offices at 3701 Regent Blvd.,

1

Suite 200, Irving, Texas.  It does business in New York.  Its registered agent and office is CT

Corporation System, 111 8th Ave., New York, New York  10011.

7.      Caliber is a "special servicer" of residential mortgage loans and seeks rating as

such from rating agencies such as Fitch and S&P in order to obtain "special servicing" business.

Caliber advertises its ratings on its web site.

8.      In mortgage industry jargon, a "special servicer" is a servicer that specializes in

handling delinquent and defaulted mortgage loans.

9.      According to S&P's rating opinion, Caliber serviced $32 billion in residential

loans as of Aug. 31, 2013.  As of June 20, 2013, when the total balance was less, it was

servicing over 92,000 loans.

10.     Caliber regular acquires servicing of loans that are delinquent or in default at the

time of such acquisition.  On information and belief, it has over 4500 such loans.

11.     Caliber acquires servicing of portfolios or groups of similar loans, rather than

individual loans.

12.     Caliber uses the mails and telephone system to collect such debts.

13.     Caliber is a debt collector as defined in 15 U.S.C. §1692a(6).

## FACTS

14.     Plaintiff has a residential mortgage loan serviced by Caliber.  The loan is secured

by plaintiff's residence and was obtained for personal, family or household purposes, namely

housing.

15.      Caliber obtained its servicing in late 2014.  Attached as Exhibit A is the notice of

transfer of servicing, dated November 10, 2014.

16.     At the time, the loan was delinquent.

17.     On or about December 18, 2014, Caliber sent plaintiff the document attached as

Exhibit B.

18.     Exhibit B is a form document, filled out in a standardized manner.

2

19.     Exhibit B informs the consumer of (a) the amount required to cure the default and (b) the possibility of negotiating a loan modification or other resolution.

20.     Curing the default involves the payment of money to defendants.

21.     A loan modification or similar resolution would also result in the payment of money.

22.     No "notice of debt" was sent to plaintiff until June 10, 2015 (Exhibit C).

23.     Exhibit C alters the statutory language of the FDCPA "notice of debt" to state, "If you do notify us of a dispute, we will obtain verification of the debt and mail it to you", and "Also, upon your request, within thirty (30) days, we will provide you with the name and address of the original creditor if different from the current creditor."

24.     The statute requires that such requests be in writing to preserve the consumer's rights.  Defendant eliminates the writing requirement from its notice.

## COUNT I – FDCPA – CLASS CLAIM

25.     Plaintiff incorporates paragraphs 1-22.

26.     Exhibit B does not contain the disclosures required by 15 U.S.C. §1692g.

27.     No other document sent to plaintiff before or within 5 days after Exhibit B contains such disclosures.

28.     Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

3

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not

(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings.  A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions.  The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [26 USCS §§ 1 et seq.], title V of Gramm-Leach-Bliley Act [15 USCS §§ 6801 et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

## CLASS ALLEGATIONS

29.     Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ.P. 23(a) and (b)(3).

30.     The class consists of (a) all natural persons (b) whose correspondence address,

4

according to the records of Caliber, is the same as the property address, (c) which property contains one or two dwelling units (including condominium and cooperative apartments), (d) to whom Caliber sent a letter in the form represented by Exhibit B (e) without sending the "notice of debt" (15 U.S.C. §1692g) before or within 5 days after Exhibit B, (f) where the letter in the form of Exhibit B was sent on or after a date one year prior to the filing of this action, and (g) on or before a date 21 days after the filing of this action.

31.     On information and belief, based on the size of defendant's operations and the use of form documents, the class exceeds 40, and is so numerous that joinder of all members is not practicable.

32.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant complies with 15 U.S.C. §1692g.

33.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

34.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

35.     A class action is superior to other alternative methods of adjudicating this dispute, in that: (a) Individual cases are not economically feasible; (b) Many debtors may not realize that their rights are violated; and (c) Congress intended class actions as a principal means of enforcing the FDCPA.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

> (1)     A declaration that defendant's communication violates the FDCPA;
>
> (2)     Statutory damages;
>
> (3)     Attorney's fees, litigation expenses and costs of suit;

## COUNT II – FDCPA – CLASS CLAIM

36.     Plaintiff incorporates paragraphs 1-24 and 28.

37.     <u>Exhibit C</u> misstates the disclosures required by 15 U.S.C. §1692g and is

misleading in violation of by 15 U.S.C. §1692e and 1692e(10).

38.     Section 1692e provides:

> **§ 1692e.        False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any debt.  Without
> limiting the general application of the foregoing, the following conduct is a violation
> of this section: .. .**
>
> **(10)    The use of any false representation or deceptive means to collect or
> attempt to collect any debt or to obtain information concerning a consumer. .
> . .**

### CLASS ALLEGATIONS

39.     Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ.P. 23(a)

and (b)(3).

40.     The class consists of (a) all natural persons (b) whose correspondence address,

according to the records of Caliber,  is the same as the property address, (c) which property

contains one or two dwelling units (including condominium and cooperative apartments),  (d) to

whom Caliber sent a letter in the form represented by <u>Exhibit C</u> (e) where the letter in the form

of <u>Exhibit C</u> was sent on or after a date one year prior to the filing of this action, and (g) on or

before a date 21 days after the filing of this action.

41.     On information and belief, based on the size of defendant's operations and the

use of form documents,  the class exceeds 40, and is so numerous that joinder of all members is

not practicable.

42.     There are questions of law and fact common to the class members, which

common questions predominate over any questions that affect only individual class members.

The predominant common question is whether <u>Exhibit C</u> complies with 15 U.S.C. §1692g.

6

43.     Plaintiff's claim is typical of the claims of the class members.  All are  based  on the same factual and legal theories.

44.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

45.     A class action is superior to other alternative methods of adjudicating this dispute, in that: (a) Individual cases are not economically feasible; (b) Many debtors may not realize that their rights are violated; and (c) Congress intended class actions as a principal means of enforcing the FDCPA.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

(1)     A declaration that defendant's communication violates the FDCPA;

(2)     Statutory damages;

(3)     Attorney's fees, litigation expenses and costs of suit;

Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (fax)
akleinman@akleinmanllc.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

_____
Abraham Kleinman

Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (fax)
akleinman@akleinmanllc.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

Abraham Kleinman

REDACTED

# EXHIBIT A

 **CALIBER**
**HOME LOANS**  P.O. Box 24610
Oklahoma City OK 73124-0610

 REDACTED



**NOTICE OF SERVICING TRANSFER**

The servicing of your mortgage loan has been transferred, effective November 01, 2014. This means that after this date, a new servicer is now responsible for collecting your mortgage loan payments from you. Nothing else about your mortgage loan has changed as a result of the transfer.

HSBC MORTGAGE SERVICES INC was collecting your payments prior to November 01, 2014. HSBC MORTGAGE SERVICES INC, will stop accepting payments received from you after October 31, 2014.

Your new servicer, Caliber Home Loans, Inc., will collect your payments going forward. Caliber Home Loans, Inc. started accepting payments received from you on November 01, 2014.

**Send all payments due on or after November 01, 2014 to Caliber Home Loans, Inc., at this address: P.O. Box 650856 Dallas, TX 75265-0856.**

If you have any questions for either your prior servicer, HSBC MORTGAGE SERVICES INC or your new servicer, Caliber Home Loans, about your mortgage loan or this transfer, please contact them using the information below.

Prior Servicer                                        New Servicer

HSBC MORTGAGE SERVICES INC              Caliber Home Loans
Customer Service                                     1-800-570-6768
800-333-7023                                           P.O. Box 24610
P.O. BOX 1231                                          Oklahoma City, OK 73124
BRANDON, FL 33509

Important note about insurance. If you have mortgage life or disability insurance or any other type of optional insurance, premiums will not be transferred to Caliber Home Loans, Inc and will be discontinued. Please contact the provider of the optional insurance or other membership product(s) directly regarding your continuation privileges, if applicable.

Under Federal law, during the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your prior servicer on or before its due date may not be treated by the new servicer as late, and a late fee may not be imposed on you.

Caliber Home Loans, Inc.                                              11/10/14

REDACTED

# EXHIBIT B



 **CALIBER**
HOME LOANS

P O Box 24610
Oklahoma City, OK 73124-0610

December 18, 2014

JANINE M CARBONE
3388 MAPLEWOOD DRIVE SOUTH
WANTAGH          NY  11793-3425

Caliber Account Number:          6212

## YOU COULD LOSE YOUR HOME. PLEASE READ THE FOLLOWING NOTICE CAREFULLY.

As of December 18, 2014, your home loan is 716 days in default.  Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home. You can cure this default by making the payment of $97619.70 by 03/23/15.

If you are experiencing financial difficulty, you should know that there are several options available to you that may help you keep your home. Attached to this notice is a list of government approved housing counseling agencies in your area which provide free or very low-cost counseling. You should consider contacting one of these agencies immediately.

These agencies specialize in helping homeowners who are facing financial difficulty. Housing counselors can help you assess your financial condition and work with us to explore the possibility of modifying your loan, establishing an easier payment plan for you, or even working out a period of loan forbearance. If you wish, you may also contact us directly at 1-800-621-1437 and ask to discuss possible options.

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution.  The longer you wait, the fewer options you may have.

If this matter is not resolved within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)

REDACTED

If you need further information, please call the New York State Department of Financial Service's toll-free helpline at 1-800-269-0990 or visit the Department's website at http://www.dfs.ny.gov.

If you have any questions, please contact our office at 800-621-1437. Our hours are 8:00 a.m. to 9:00 p.m., Central Time, Monday through Thursday; 8:00 a.m. to 7:00 p.m., Central Time, Friday; and 8:00 a.m. to 4:00 p.m., Central Time on Saturday.

Sincerely,
Kawanna Coppage
Vice President

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge:   If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.**

REDACTED

# EXHIBIT C

REDACTED

 **CALIBER HOME LOANS**

P.O. Box 24610
Oklahoma City, OK 73124-0610

June 10, 2015

JANINE M CARBONE
3388 MAPLEWOOD DRIVE SOUTH
WANTAGH        NY  11793-3425

Caliber Account Number:      6212

Dear Borrower:

The above referenced loan is in default because you have failed to pay the required monthly installments as you promised to do when you signed the Note and Mortgage.

Cure of default  You may cure your default on or before July 15, 2015 by sending the total amount of $ 118,102.80. You may also cure the default by completing, and having approved, a loan modification or repayment agreement which may be arranged through Caliber Home Loans, Inc. ("Caliber") by contacting the Collections Department at the address referenced above.  If you cure the default, you will have the right to have the enforcement of the security instrument stopped and can then continue with your contractual obligations as though you did not default

Creditor's rights·  If you do not cure your default in the time allowed, by taking action as stated above, the creditor may exercise any or all remedies provided by law and in your Note.  These remedies may include a demand for immediate payment in full and foreclosure on the real property securing the loan, which may result in the lender or another person acquiring the property by means of foreclosure and sale. You may be held personally liable under applicable state law for any deficiency balance not satisfied from the sale of the property

You have the right in any lawsuit for foreclosure and sale to argue that you did keep your promises and agreements under the note and mortgage and you are entitled to present any other defenses that you may have

If this default is not cured, Caliber will report the defaulted loan to any appropriate credit-reporting agency

If this default was caused by your failure to make payments and you now want to pay the past due amount by mail, you must send a certified check, money order or cashier's check   DO NOT SEND CASH.

If you are unable to cure the default due to an involuntary loss of employment or other reasons, counseling assistance may be available to you from certain agencies that are HUD-approved mortgage-counseling agencies.  You may contact Caliber to obtain the name of the mortgage-counseling agency that is closest to you

7 49                                20140325rev

REDACTED

If you have any questions, please contact our office at 800-621-1437.  Our hours are 8:00 am to 9:00 pm, Central Time, Monday through Thursday, 8:00 am to 7:00 pm, Central Time, Friday and 8:00 am to 4:00 pm, Central Time on Saturday.

Sincerely,

Account Resolution Department
Caliber Home Loans, Inc.

**UNLESS YOU NOTIFY US WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS LETTER THAT THE DEBT, OR ANY PART OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID.  IF YOU DO NOTIFY US OF A DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU.  ALSO, UPON YOUR REQUEST, WITHIN THIRTY (30) DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.**

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge  If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.

7.49