UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------- X
JANINE CARBONE, on behalf of plaintiff and  :
a class,
                                            :
          Plaintiff,                           INDEX NO. 15-cv-5190
                                            :
     -against-                                 MOTION TO DISMISS PLAINTIFF'S
                                            :  CLASS ACTION COMPLAINT
CALIBER HOME LOANS, INC.;
                                            :  ORAL ARGUMENT REQUESTED
          Defendants.
                                            :

                                            :

---------------------------------------- X

**MOTION TO DISMISS**
**PLAINTIFF'S CLASS ACTION COMPLAINT**

## TABLE OF CONTENTS

I. Introduction………...…………………………………………………………………….1

II. Background…………………………………………………………………………………2

III. Argument…...………………………………………………………………………..3

    A. Motion to Dismiss Standard……………………………………………………..3

    B. FDCPA Background…………...………………………………………………..5

    C. **Plaintiff Lacks Standing to Pursue Claims Under § 1692g(a) Because She Is Not a "Consumer" and Caliber Made No Effort to Collect a "Debt"**……………………………………..6

        1. **Plaintiff is not a "consumer" under the FDCPA**……………………….7

        2. **Caliber's December 18, 2014 default notice was a pre-foreclosure notice and not in connection with the collection of a debt**……………………………………………………...9

    D. **Plaintiff's Claim that Caliber Engaged in Deceptive Collection Activities Fails**……………………………………………………11

        1. **Caliber's June 10, 2015 letter was not a Notice of Debt and therefore not subject to the requirements of § 1692g(a)(4) and (5)**……………………..…12

        2. **Caliber's June 20, 2015 letter was not a deceptive debt collection practice that violated § 1692(e)(10)**……………………………………………......13

IV. Conclusion……………………………………………………………………………15

I. Introduction

Plaintiff Janine Carbone's putative class action complaint alleges claims against Defendant Caliber Home Loans, Inc. ("Caliber") for purported violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Doc. 1 ("Compl."). Caliber brings this Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6) because the allegations in the Complaint fail to state a plausible claim for relief under any theory of liability.

Plaintiff claims that Caliber violated the FDCPA in two respects. Plaintiff first contends that Caliber violated § 1692g(a) by not timely sending to her a "Notice of Debt" enumerating her rights as a consumer under the FDCPA. This claim fails for two reasons. First, Plaintiff lacks standing to allege a § 1692g(a) violation because she is not a "consumer" entitled to a Notice of Debt under the FDCPA. While Plaintiff is a mortgagee on the mortgage securing the Caliber loan and thus received certain notices from Caliber, she did not sign the promissory note obligating her to pay the loan, which removes her from the FDCPA definition of "consumer." Second, for similar reasons, Caliber's initial communication with Plaintiff was not an effort to collect on a debt (the loan) requiring a Notice of Debt, but instead was a pre-foreclosure notice required under New York's foreclosure statute. Because foreclosure is not a debt collection activity triggering FDCPA notice requirements, Caliber had no obligation to send Plaintiff a Notice of Debt.

Next, Plaintiff claims that a June 2015 Caliber letter violated the FDCPA's prohibition on false and deceptive debt collection practices because it omitted that she had to make a ***written request*** to obtain the name of the original creditor or information validating the debt under § 1692g(a)(4) and (5) of the FDCPA. Initially, this claim fails for the reasons identified above: Caliber had no obligation to send a Notice of Debt since Plaintiff is not a "consumer" and a

mortgage is not a "debt." Moreover, this second liability theory is illogical and unsupported because there is nothing in the FDCPA suggesting a debt collector engages in deceptive debt collection practices by allowing a consumer to request loan information without a written request. Accordingly, Plaintiff's deceptive debt collection practices claim must be dismissed.

## II. Background[1]

Caliber is a servicer of residential mortgage loans. Compl. ¶ 7. Plaintiff is a New York resident who has a residential mortgage loan that is serviced by Caliber. *Id.* ¶¶ 5, 14.

Plaintiff allegedly has a residential mortgage loan serviced by Caliber. *Id.* ¶ 14. The loan is secured by Plaintiff's residence. *Id.* The promissory note for the loan was executed by Michael Carbone individually; Plaintiff did not sign the loan agreement. *See Michael K. Carbone v. Caliber Home Loans, Inc.*, Case No. CV 15-4919 ("Related Case"), Doc. #1, Ex. A ("Michael Carbone Loan"). Plaintiff and Michael Carbone executed a mortgage on real property, which was used as security for the Michael Carbone Loan. *Id.*, Ex. B ("Mortgage"). Caliber began servicing the Michael Carbone Loan in late 2014, at which time the loan was delinquent. *Id.* ¶¶ 15-16.

Caliber sent Plaintiff a letter dated November 10, 2014 advising her that servicing of the mortgage had transferred to Caliber effective November 1, 2014. *Id.* ¶ 15, Ex. A. On or about December 18, 2014, Caliber sent Plaintiff a second letter informing her, among other things, that the Mortgage was subject to foreclosure because the Michael Carbone Loan was in default; that the default could be cured and foreclosure avoided by making a payment of $97,619.70; and that there were options available to avoid foreclosure. *See id.* ¶¶18-19, Ex. B.

---

[1] Pursuant to Rule 12(b)(6), Caliber's motion is based on the allegations in the Complaint, which for purposes of this motion only, are assumed true. Additionally, Caliber relies on the Complaint and its exhibits in the Related Case filed by Michael Carbone, Case No. CV 15-4919, Ex. A.

Caliber sent another letter to Plaintiff dated June 10, 2015. *Id.*, ¶ 22, Ex. C. The June 2015 letter included the following statement:

> **UNLESS YOU NOTIFY US WITHIN THIRSTY (30) DAYS AFTER RECEIPT OF THIS LETTER THAT THE DEBT, OR ANY PART OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US IF YOU DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU. ALSO, UPON YOUR REQUEST, WITHIN 30 DAYS WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.**

### III. Argument

**A.   Motion to Dismiss Standard**

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To meet this standard, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). As the Court emphasized in *Iqbal*, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citation omitted) Therefore, while a complaint's factual allegations are assumed true for a Rule 12(b)(6) motion, those allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

The plausibility requirement embedded in Rule 12(b)(6) requires "the plaintiff [to] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard "asks for more than a

sheer possibility that a defendant has acted unlawfully." *Id*. Instead, where a complaint "pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief".'" *Id*. (quoting *Twombly*, 550 U.S. at 557). A complaint does not meet this standard if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557.

When a complaint fails to state a claim upon which relief may be granted, this deficiency should be "'exposed at the point of minimum expenditure of time and money by the parties and the court'." *Id*. at 558 (citation omitted). Dismissal under Rule 12(b)(6) therefore is appropriate when the plaintiff either lacks a "'cognizable legal theory'" or has failed to present "'sufficient facts alleged under a cognizable legal theory'." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Here, as described below, Plaintiff's claims fail in both regards.

Finally, while it is true that in considering a motion to dismiss pursuant to Rule 12(b)(6) a court must accept the well-pleaded factual allegations in the complaint as true, where allegations set out in the complaint are contradicted by other matters asserted or by materials attached to or incorporated by reference in the complaint, the court is not obliged to credit the allegations in the complaint. *See Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397, 399-400 (S.D.N.Y. 2002) (noting that in evaluating a motion to dismiss pursuant to Rule 12(b)(6), a court may consider documents attached to the complaint as exhibits, and "[i]f a plaintiff's allegations are contradicted by such a document, those allegations are insufficient to defeat a motion to dismiss"); *Rapoport v. Asia Elecs. Holding Co.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000) (holding that where documents relied on in drafting the complaint contradict the complaint, "the

documents control and this Court need not accept as true the allegations in the amended complaint").

Important to this motion, courts within the Second Circuit "'have not hesitated to dismiss claims brought pursuant to the FDCPA where the debt collection letter alleged to have run afoul of the statute does not, as a matter of law, provide the basis for a statutory violation.'" *Abramov*, 54 F. Supp. 3d at 275 (quoting *Lerner v. Forster*, 240 F. Supp. 2d 233, 241 (E.D.N.Y. 2003)); *see also Shapiro v. Dun & Bradstreet Receivable Mgmt. Servs., Inc.*, 209 F. Supp. 2d 330 (S.D.N.Y. 2002) (language in collection letter not reasonably susceptible to misinterpretation or likely to cause "least sophisticated consumer" to misunderstand his rights), *aff'd*, 59 F. App'x 406 (2d Cir. 2003).

**B.     FDCPA Background**

The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices. *See Degrosiellier v. Solomon & Solomon, P.C.*, No. 00–CV–1065, 2001 WL 1217181, at *2, (N.D.N.Y. Sept. 27, 2001); *see also* 15 U.S.C. § 1692(e). The FDCPA "grants a private right of action to a consumer who receives a communication that violates the Act." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008) (citing 15 U.S.C. § 1692k). The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Therefore, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect ***of specified rights***." *DeSantis v. Comput. Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (emphasis added).

In order to establish a violation under the FDCPA, "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Schuh v. Druckman & Sinel, L.L.P.*, 751 F. Supp. 2d 542, 548 (S.D.N.Y. 2010) (emphasis added) (citation omitted). This motion challenges the first and third elements of these requirements.

In evaluating whether a debt collection communication complies with the FDCPA, the Second Circuit views the communication "from the perspective of the 'least sophisticated consumer'." *Jacobson*, 516 F.3d at 90. The "least sophisticated consumer" standard is "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." *DeSantis*, 269 F.3d at 161 (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)). "Ultimately, '[t]he critical question [in determining whether a communication violates the FDCPA] is . . . whether the notice fails to convey the required information "clearly and effectively and thereby makes the least sophisticated consumer uncertain" as to the meaning of the message'." *Weiss v. Zwicker & Assocs., P.C.*, 664 F. Supp. 2d 214, 216 (E.D.N.Y. 2009) (citations omitted).

C. **Plaintiff Lacks Standing to Pursue Claims under § 1692g(a) Because She Is Not a "Consumer" and Caliber Made No Effort to Collect a "Debt."**

Plaintiff argues that Caliber violated § 1692g(a) of the FDCPA by failing to provide her with a Notice of Debt including her rights as a consumer that are enumerated at § 1692g(a)(1)-(5). Compl. ¶¶ 19-22, 26-27. Specifically, § 1692g(a) states:

> (a) Notice of debt contents
>
> Within five days after the initial communication with a ***consumer in connection with the collection of any debt***, a debt collector shall, unless the following information is contained in the initial

-6-

>communication or the consumer has paid the debt, send the
>consumer a written notice containing--
>
>…

15 U.S.C. 1692g(a) (emphasis added). By its plain meaning, the Notice of Debt obligation is triggered only when the debt collector communicates with "a consumer" and concerning the "collection of any debt."

Plaintiff lacks standing to allege violations of § 1692g(a) because she is not a "consumer" as defined by the FDCPA. Further, Caliber was not trying to collect a "debt" from her because she had no obligation to pay the Michael Carbone Loan. These reasons are discussed below.

### 1. Plaintiff is not a "consumer" under the FDCPA.

The Notice of Debt requirement is triggered in the first instance when there is a "communication" with a "consumer." 15 U.S.C. § 1692g(a). A plaintiff who does not meet the definition of "consumer" lacks standing to bring claims under § 1692g(a). *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, No. 99 CIV 3227 (JGK), 2000 WL 1448695, at *3 (S.D.N.Y., Sept 28, 2000) (dismissing plaintiff's claim under § 1692g because he was not obligated to pay the debt (lease) and thus not a "consumer" under the FDCPA); *see also Dunham v. Portfolio Recovery Assoc., LLC*, 663 F.3d 997, 1001 (8th Cir. 2011)(noting that the scope of § 1692g is restricted to "consumers" as defined in the FDCPA).

The FDCPA defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. 1692a(3).[2] "Debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family,

---

[2] Section 1692c(d) broadens the definition of consumer for purposes of 1692c only to include, *inter alia*, "the consumer's spouse." 15 U.S.C. § 1692c(d). Because Plaintiff has not brought claims under § 1692c, that definition is inapplicable.

or household purposes… ." 15 U.S.C. § 1692a(5). Taken together, a debt collector is only required to send a Notice of Debt to persons who have an obligation to pay money arising out of an agreement.

To bring a claim under § 1692g(a), a plaintiff must be a "consumer" as defined in the FDCPA because that section concerns conduct specifically directed toward a "consumer." *See Sibersky*, 2000 WL 1448695, at *3 (S.D.N.Y., Sept 28, 2000) (dismissing plaintiff's § 1692g claim because he was not obligated to pay the disputed lease and thus not a "consumer"). Here, Plaintiff is not a "consumer" because she is not a party to the Michael Carbone Loan agreement setting forth the obligations to pay the debt. *See* Related Case, Ex. D (Adjustable Rate Note signed only by Michael K. Carbone). Instead, Plaintiff role in the loan is only as a mortgagee on the Mortgage securing the loan. However, a Mortgage does not create a personal obligation to pay a debt, and therefore a mortgagee is not a "consumer" under the FDCPA. *See, e.g., Coleman v. Indymac Venture, LLC*, 966 F.Supp.2d 759, 771 (W.D. Tenn. 2013) (finding that plaintiff failed to state viable claim under the FDCPA and was not a consumer as defined by the statute where he signed a deed of trust only but was not a borrower and "not personally obligated to pay the sums secured by this Security Instrument"); *see also* Black's Law Dictionary 1031 (8th ed. 2004) (defining a mortgage as a "type of security interest with real property as the collateral" and "not a promise to pay a debt; it is an interest in some collateral that a lender can take if a debtor does not fulfill a payment obligation."). Put differently, a Mortgage does not create an obligation to pay a debt, while on the other hand a promissory note is "a contract evidencing a debt and specifying terms under which one party will pay money to another." *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir 2012); *see also* Black's Law Dictionary 1089 (8th ed. 2004) (defining "promissory note" as an "unconditional written

promise, signed by the maker, to pay absolutely and in any event a certain sum of money either to, or to the order of, the bearer or a designated person"). Because Plaintiff is a mortgagee and not a party to the promissory note, she is not a "consumer."

Courts have rejected claims similar to Plaintiffs, finding that individuals were not "consumers" as defined by the FDCPA because they only signed a security instrument but otherwise had no obligation to repay a debt as a borrower. *See, e.g., Coleman*, 966 F.Supp.2d at 771; *Sain v. HSBC Mortg. Services, Inc.*, No. 4:08–2856–TLW–SVH, 2010 WL 2902741, at *3 (D. S.C. Jun. 10, 2010) (finding that plaintiff was not a consumer within the meaning of the FDCPA where plaintiff "never signed any of the closing or loan documents" associated with the mortgage and therefore, was not an obligor on the note or mortgage); *King v. IB Property Holdings Acquisition*, 635 F.Supp.2d 651, 658 (E.D. Mich. 2009) (rejecting the theory that one could be a "consumer" as defined by the FDCPA if one held a mere "interest in the property" and holding that in order to be a "'consumer,' plaintiff must have an obligation to pay the debt.").

Because Plaintiff never had an obligation to pay any debt, she is not a "consumer" as defined by § 1692a(3). Accordingly, Caliber had no obligation to send her a Notice of Debt under § 1692g(a), and therefore Plaintiff's claim fails to state a claim for relief.

  **2. Caliber's December 18, 2014 default notice was a pre-foreclosure notice and not in connection with the collection of a debt.**

As discussed above, a debt collector must send a Notice of Debt only after it communicates with a "consumer" and "in connection with the collection of any debt." 15 U.S.C. § 1692g(a). Even if Plaintiff met the FDCPA definition of "consumer"-- which she does not-- the claim still fails because Caliber's December 2014 notice of default was a pre-foreclosure notice required by New York law as a condition precedent to foreclosing on the Mortgage, and

-9-

not in connection with the collection of a debt. *See* McKinney's Consolidated Laws of New York Annotated § 1304 (requiring notice identical to Caliber's December 18, 2014 letter "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, including mortgage foreclosure…").

Caliber's December 2014 letter, by its very terms, concerned foreclosure and advised Plaintiff that she was at risk of losing her home through foreclosure proceedings. The letter states, "[u]nder New York State Law, we are required to send you this notice to inform you that you are at risk of losing your come." Compl., Ex. B. It is well established that foreclosing on a mortgage does not qualify as a debt collection activity for the purposes of the FDCPA. In fact, "[n]early every court that has addressed the question has held that foreclosing on a mortgage is not debt collection activity for purposes of the FDCPA . . . [i]n short, it seems very well established that foreclosing on a mortgage does not constitute debt-collecting activity under the FDCPA." *Beadle v. Haughey*, No. Civ.04–272–SM, 2005 WL 300060, at *3 (D.N.H. Feb 9, 2005).

Although the Second Circuit has not yet expressly decided whether foreclosure activities constitute debt collection under the FDCPA, many district courts in the Second Circuit have joined the majority of other courts in holding that foreclosing on a mortgage does not qualify as debt collection under the FDCPA. *See, e.g.*, *Boyd v. J.E. Robert Co.*, No. 05–CV–2455 (KAM)(RER), 2013 WL 5436969, at *9 (E.D.N.Y. Sept. 27, 2013). In *Boyd*, the court stated:

> As this court previously found, the enforcement of a security interest through foreclosure proceedings that do not seek monetary judgments against debtors is not debt collection for purposes of the FDCPA. In so holding, the court respectfully parts ways with the federal appellate courts that have held to the contrary and instead joins the many federal district courts, including at least one in the Second Circuit, that have determined that foreclosure activities do not constitute debt collection under the FDCPA.

*Id.*; *see also Derisme v. Hunt Leibert Jacobson P.C.*, 880 F.Supp.2d 311, 325 (D. Conn. 2012) ("[I]t appears that a majority of courts who have addressed this question have also concluded that foreclosing on a mortgage does not qualify as debt collection activity for purposes of the FDCPA.").

In sum, Caliber's December 2014 letter, by its plain terms, was a default notice letter concerning foreclosure of the mortgage. Caliber sent the letter to meet the requirements of New York's foreclosure law. Because Plaintiff was not the borrower on the underlying loan and the letter was sent to address foreclosure, it was not in connection with debt collection as defined by the FDCPA, and therefore it did not trigger any disclosures under § 1692g(a).

**D.     Plaintiff's Claim That Caliber Engaged in Deceptive Debt Collection Activities Fails.**

Plaintiff next claims that Caliber violated § 1692e(10) of the FDCPA, which prohibits a debt collector from making false statements or engaging in deceptive means to collect a debt. The sole basis for this claim is that: (1) Caliber had an obligation to send Plaintiff a Notice of Debt under § 1692g(a), and (2) Caliber's June 2015 letter did not accurately reflect the information required to be disclosed by § 1692g(a)(4) and (5). The claim fails on both counts.

Caliber's June 2015 letter advised Plaintiff of several matters, including: (i) that the note was in default; (ii) that the default could be cured by taking certain steps; (iii) of the creditor's rights; (iv) of certain rights in any lawsuit for foreclosure or sale; (v) and that counseling assistance could be made available to her. *See* Compl. Ex. C. In addition, the June 2015 letter stated that Plaintiff could obtain information about the original creditor or information to validate the debt without requiring her to make a written request. *See id.*

Plaintiff's deceptive debt collection activities claim is premised on her claim that the June 2015 letter misstates the requirements included in § 1692g(a)(4) and (5), which states that when

a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

> …
>
> (4) that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(4) and (5). Plaintiff contends that Caliber's June 2015 letter failed to comply with these provisions because it does not require that she request information *in writing*. From there, Plaintiff contends that the failure to include a writing requirement constitutes misleading and deceptive debt collection practices in violation of § 1692e(10). Plaintiff's § 1692e(10) claim must be dismissed for two reasons.

### 1. Caliber June 10, 2015 letter was not a Notice of Debt and therefore not subject to the requirements of § 1692g(a)(4) and (5).

Plaintiff's claim that the June 2015 letter violates § 1692g, and thus violates § 1692e(10), fails as a matter of law because the letter was not a Notice of Debt subject to the requirements of § 1692g(a).

As described in detail above, Plaintiff is not a consumer as defined by the FDCPA—and therefore, does not fall within the purview of the statute that required Caliber to send her a Notice of Debt under § 1692g(a). *See supra*, Section III.c.1. Therefore, even if the June 2015 letter did not fully conform to § 1692g(a)(4) and (5)'s requirements, it did not need to since

Plaintiff is not a "consumer." Also as described above, Caliber's December 2014 letter, which, according to Plaintiff was the initial solicitation for payment of a debt from a consumer triggering the § 1692g(a) notice requirement—was in fact a pre-foreclosure notice required by New York law and not debt collection as defined by the FDCPA. Accordingly, the December 2014 letter did not trigger the statute's requirement that Caliber send her a Notice of Debt within five (5) days. *See supra*, Section III.c.2.[3] Plaintiff is simply misguided in applying the requirements of § 1692g(a) to bootstrap an alleged violation for deceptive debt collection practices under § 1692e(10).

### 2. Caliber June 10, 2015 letter was not a deceptive debt collection practice that violated § 1692e(10).

Even if Plaintiff meets the statutory requirements of a consumer, and the June 10, 2015 was a Notice of Debt subject to the requirements of § 1692g(a), her false and deceptive collection claim still fails as a matter of law because there is nothing in the June 2015 letter that rises to the level of deceptive debt collection practices in violation of § 1692e(10).

The FDCPA bars debt collectors from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e, without limiting the general applicability of the prohibition on false and deceptive debt collection methods, identifies 16 specific examples of false, deceitful or misleading conduct that violate the Act. One of those examples, subsection 1692e(10), states that prohibited conduct includes, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

---

[3]Indeed, the June 2015 letter was, on its face, plainly not a Notice of Debt intended to comply with § 1692g(a) (e.g., sent within 5 days of an initial solicitation for payment of a debt from a consumer), nor was it structured as a debt validation notice. For example, the June 2015 letter did not list the amount of the debt or the name of the creditor. Compare Michael K. Carbone v. Caliber Home Loans, Inc., Case No. CV 15-4919 ("Related Case"), Doc. #1, Ex. B ("Michael Carbone Debt Validation Notice") with Compl. Ex. C (June 2015 letter).

When considering claims under § 1692e, the Second Circuit has adopted the "least-sophisticated consumer standard" discussed above. *See Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir, 1993); *see also Avila v. Riexinger & Assoc., LLC*, 2015 WL 1731542 *3 (April 14, 2015). "Under this standard, 'collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir.2012) (quoting *Clomon*, 988 F.2d at 1319)). Important to this motion, the FDCPA's protections do "'not extend to every bizarre or idiosyncratic interpretation of a collection notice' and courts should apply the standard 'in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices.'" *Id.* at 234 (quoting *Clomon*, 988 F.2d at 1319)). "[B]ecause the least sophisticated consumer standard is objective, the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law" that a court may resolve on a Rule 12(b)(6) motion. *Quinteros v. MBI Associates, Inc.*, 999 F.Supp.2d 434, 437 (E.D.N.Y. 2014) (quoting *Castro v. Green Tree Servicing LLC*, 959 F.Supp.2d 698, 707 (S.D.N.Y. 2013)).

Section 1692e(10) of the FDCPA is a "'catch-all' provision that prohibits '[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.'" *Gutierrez v. GC Servs. Ltd. P'ship*, No. 09–CV–4606, 2010 WL 3417842, at *3 (E.D.N.Y. Aug. 27, 2010) (quoting 15 U.S.C. § 1692e(10)). aff'd, 430 F. App'x 8 (2d Cir. 2011). "The analysis here is somewhat duplicative because a section 1692e(10) violation frequently accompanies the violation of a more specific section 1692e provision." *Kapeluschnik v. Leschack & Grodensky, P.C.*, No. 96–CV–2399 (ERK)(CLP), 1999 WL 33973360, at *9 (E.D.N.Y. Aug. 26, 1999) (collecting cases).

Plaintiff has alleged no violation of a more specific § 1692e provision, other than the catch-all provision of § 1692e(10). Further, she has pointed to no provision of 1692e (or any other section of the FDCPA for that matter), that prohibits a debt collector from sending a general notification letter—such as the June 2015 letter—that notifies a recipient, among many other things, that they may request validation of a debt without requiring a writing. Plaintiff has certainly not alleged how failing to include a written request component in the June 2015 letter makes it deceptive in violation of § 1692e(10). Instead, Plaintiff merely points back to § 1692g(a)(4) and (5), claiming that Caliber's failure to require that she request certain information in writing is a deceptive debt collection practice that violates § 1692e.

Even if Caliber had to send Plaintiff a Notice of Debt with the information included at § 1692g(a)(4) and (5), allowing Plaintiff to request information about the loan without requiring a written request is not a deceptive debt collection practice. Importantly, Plaintiff does not allege that she tried to get this information, but Caliber refused to provide it because there was no written request. Instead, she attempts to hold Caliber liable for arguably making it easier for her to request information about the loan. Plaintiff's claim is the type of "bizarre or idiosyncratic interpretation of a collection notice" that courts should refuse to adopt. *See Easterling*, 692 F.3d at 234. Plaintiff's § 1692e claim must be dismissed.

## IV. Conclusion

Plaintiff's claims cannot withstand scrutiny under Rule 12. Plaintiff's theory that she was required to receive a Notice of Debt fails because she is not a "consumer" with respect to the Michael Carbone Loan, and Caliber contacted her in connection with the Mortgage, and to collect the debt. Further, Plaintiff's claim under § 1692e(10), which attempt to boot-strap alleged violations of § 1692g (a)(4) and (5), fail initially for the same standing reasons discussed above. Moreover, even if Plaintiff is a consumer entitled to a Notice of Debt, allowing her to

obtain information about the loan without a written request is not a deceptive debt collection practice that violates § 1692e.

Accordingly, the Court should GRANT Defendant Caliber's Motion to Dismiss pursuant to Rule 12(b)(6).

| | |
|---|---|
| Dated: New York, New York.<br>October 12, 2015 | Respectfully submitted,<br><br>PERKINS COIE LLP<br><br>By: */s/ Manny J. Caixeiro*<br>Manny J. Caixeiro, Bar No. 4216230<br>30 Rockefeller Center, 22th Floor<br>New York, NY 10112-0085<br>212.262.6900<br><br>David T. Biderman, CA Bar. No. 101577<br>Perkins Coie LLP<br>505 Howard Street, Suite 1000<br>San Francisco, CA 94105-3204<br>415.344.7000<br><br>Frederick B. Rivera, WSBA #23008<br>Perkins Coie LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>206.359.8000<br><br>Attorneys for Defendant Caliber Home Loans, Inc. |