```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JANINE CARBONE, on behalf of
plaintiff and a class,

                Plaintiff,
                                         MEMORANDUM & ORDER
        -against-                        15-CV-5190(JS)(GRB)

CALIBER HOME LOANS, INC.,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Abraham Kleinman, Esq.
                    Kleinman, LLC
                    626 RXR Plaza
                    Uniondale, NY 11556

                    Tiffany N. Hardy, Esq.
                    Edelman Combs Latturner & Goodwin LLC
                    20 South Clark Street, Suite 1500
                    Chicago, IL 60603

For Defendant:      David T. Biderman, Esq.
                    Perkins Coie LLP
                    1888 Century Park East, Suite 1700
                    Los Angeles, CA 90067

                    Frederick Rivera, Esq.
                    Perkins Coie LLP
                    1201 Third Avenue, Suite 4900
                    Seattle, WA 98101

                    Manny Joseph Caixeiro, Esq.
                    Perkins Coie LLP
                    30 Rockefeller Plaza, 22nd Floor
                    New York, NY 10112
```

SEYBERT, District Judge:

      Plaintiff Janine Carbone ("Plaintiff") filed this putative class action against Caliber Home Loans, Inc. ("Caliber" or "Defendant") for alleged violations of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Pending before the Court is Defendant's motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 12.) For the following reasons, Defendant's motion is GRANTED.

BACKGROUND[1]

Caliber acquires and services mortgage loans that are delinquent or in default. (Compl., Docket Entry 1, ¶¶ 7-8.) Plaintiff, a New York resident, has a residential mortgage loan that is serviced by Caliber (the "Loan"). (Compl. ¶¶ 5, 14.) Her husband, Michael Carbone, signed the promissory note for the Loan, (see Related Case, Adjustable Rate Note, Docket Entry 26-9, at 5), and both Plaintiff and her husband executed a mortgage on their real property as security (the "Mortgage"). (Related Case, Mortgage, Docket Entry 26-10, at 14.)

When Caliber began servicing the Loan in 2014, payments were delinquent. (Compl. ¶¶ 15-16.) In December 2014, Caliber

---

[1] The facts alleged in the Complaint are presumed to be true for the purposes of this Memorandum and Order. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 572, 127 S. Ct. 1955, 1975, 167 L. Ed. 2d 929 (2007) ("[A] judge ruling on a defendant's motion to dismiss a complaint must accept as true all of the factual allegations contained in the complaint." (internal quotation marks and citation omitted)). Additionally, the Court relies on documents cited in a related case involving Michael Carbone. See Carbone v. Caliber Home Loans, Inc., No. 15-CV-4919 (E.D.N.Y.) (the "Related Case").

notified Plaintiff of a potential foreclosure on the Mortgage.[2] (Pl.'s Ex. B, Pre-Foreclosure Notice, Docket Entry 14-2 ("Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home.").) The Pre-Foreclosure Notice also stated that Plaintiff could "cure this default by making [a] payment." (Pre-Foreclosure Notice.)

Six months later, Caliber advised Plaintiff that the Loan was in default, this default could be cured, and she had various rights going forward (the "June 2015 Letter"). (Pl.'s Ex. C, June 10, 2015 Ltr., Docket Entry 14-3, at 2.) Both the Pre-Foreclosure Notice and the June 2015 Letter stated that they were "ATTEMPT[S] BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." (Pre-Foreclosure Notice; June 10, 2015 Ltr. at 2.)

On September 8, 2015, Plaintiff commenced this lawsuit. (See Docket Entry 1.) She asserts two claims under the FDCPA: (1) Caliber failed to send a Notice of Debt as required by Section 1692g (Compl. ¶¶ 25-28); and (2) the June 2015 Letter "misstate[d] the disclosures required by 15 U.S.C. § 1692g and is misleading in violation of . . . 15 U.S.C. § 1692e and 1692e(10) [sic]" (Compl. ¶ 37).

---

[2] This notice is required by Section 1304 of the New York Real Property Actions and Proceedings Law ("RPAPL").

Defendant moves to dismiss the Complaint. (Docket Entry 12.) As for the Section 1692g claim, Defendant principally argues that Plaintiff is not a "consumer" within the meaning of the FDCPA and thus is not entitled to a Notice of Debt. (Def.'s Br., Docket Entry 13, at 6-11.) As for the Section 1692e claim, Defendant asserts that this claim also hinges on Plaintiff being a "consumer" and must be dismissed. (Def.'s Br. at 11-13.)

## DISCUSSION

### I. Legal Standard

When reviewing a motion to dismiss, the Court construes "the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570, 127 S. Ct. at 1974, and allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Although the plaintiff need not provide "detailed factual allegations" to support her claims, Twombly, 550 U.S. at 555-56, 127 S. Ct. at 1964, Rule 12(b)(6) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

While conducting this analysis, this Court may consider "any written instrument attached to [the complaint] as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (internal quotation marks and citations omitted). Thus, the Court will consider both the Adjustable Rate Note and the Mortgage document cited in the Related Case. See Chambers, 282 F.3d at 153 (noting that a document is "integral" if the complaint "relies heavily upon its terms and effect" (internal quotation marks and citation omitted)).

II. The Fair Debt Collection Practices Act

The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001); see also 15 U.S.C. § 1692(e) (describing that the purpose of the statute is "to eliminate abusive debt collection practices"). To assert a claim under the FDCPA, Plaintiff must satisfy three threshold requirements: (1) she was a "consumer"; (2) Caliber was a "debt collector"; and (3) Caliber's act or omission violated the FDCPA. See Polanco v. NCO Portfolio Mgmt., Inc., 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015) (internal quotation marks and citation omitted). As alluded to above, the Court's focus is on the first element.

5

III. Section 1692g

First, Plaintiff argues that Caliber violated Section 1692g(a) by failing to send a timely Notice of Debt explaining her rights as a consumer under the FDCPA. (See Compl. ¶¶ 26-27.) In pertinent part, the FDCPA provides that, within five days after a debt collector sends an initial communication to a consumer about a debt, the debt collector must send a written notice of the debt that details the consumer's rights. 15 U.S.C. § 1692g(a)(1)-(5).

But Plaintiff is not a "consumer." Under the statute, a "consumer" is "any natural person obligated or allegedly obligated to pay any debt."[3] 15 U.S.C. § 1692a(3). Here, Michael Carbone signed the underlying note; Plaintiff did not. See Adjustable Rate Note at 5; see also Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C., No. 99-CV-3227, 2000 WL 1448635, at *5 (S.D.N.Y. Sept. 28, 2000) (determining that a party was not a "consumer" because he did not sign the lease at issue and thus was not obligated to pay any debt on it). She only signed the Mortgage, and according to Black's Law Dictionary, a mortgage is defined as a "conveyance of title to property that is given as security for the payment of a debt." Black's Law Dictionary (10th ed. 2014)

---

[3] The Court is mindful that Section 1692c(d) broadens the definition of "consumer" to include, among other things, "the consumer's spouse." 15 U.S.C. § 1692c(d). But this broader definition applies only to claims brought under Section 1692c, not 1692g; thus, that definition is inapplicable.

6

(emphasis added). Other Circuits have taken the same view. See, e.g., Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012) ("[A] security interest is not a promise to pay a debt; it is an interest in some collateral that a lender can take if a debtor does not fulfill a payment obligation."); King v. IB Prop. Holdings Acquisition, 635 F. Supp. 2d 651, 658 (E.D. Mich. 2009) (concluding that a party was not a "consumer" because he "neither allege[d] nor offer[ed] any evidence showing that he has any obligation to pay the mortgage debt").

Plaintiff argues that the Pre-Foreclosure Notice indicates that she is a person "'allegedly' obligated to pay" under the latter portion of Section 1692a(3)'s definition. (See Pl.'s Br., Docket Entry 14, at 6.) But Caliber sent the Pre-Foreclosure Notice to meet statutory requirements, not to collect any debt. See RPAPL § 1304(1) ("[A]t least ninety days before . . . a mortgage loan servicer commences legal action against the borrower, including mortgage foreclosure, [such] . . . mortgage loan servicer shall give notice to the borrower."); (see also Pre-Foreclosure Notice ("Under New York law, we are required to send you this notice to inform you that you are at risk of losing your home.")). Indeed, the weight of authority has held that "foreclosing on a mortgage does not qualify as debt collection activity for purposes of the FDCPA." See, e.g., Derisme v. Hunt

7

Leibert Jacobson P.C., 880 F. Supp. 2d 311, 325 (D. Conn. 2012) (collecting cases); Carlin v. Davidson Fink LLP, No. 13-CV-6062, 2015 WL 5794250, at *4 (E.D.N.Y. Sept. 30, 2015), appeal docketed, No. 15-3105 (2d Cir. Oct. 2, 2015). Plaintiff seeks to overcome this straightforward result by arguing that a party's notice can serve dual functions--foreclosure and debt collection. (Pl.'s Br. at 11-13 (collecting cases).) This Court reached the same conclusion in Carlin but recognized that a debt collection notice must accompany a foreclosure notice. Carlin, 2015 WL 5794250, at *3-4. In this case, however, the Pre-Foreclosure Notice did not accompany any debt collection notices.

Under Section 1304 of the RPAPL, all "borrowers" must receive a pre-foreclosure notice. See Aurora Loan Servs., LLC v. Weisblum, 85 A.D.3d 95, 105-06, 923 N.Y.S.2d 609, 615-66 (2d Dep't 2011). Although the statute does not define the term "borrower," the Second Department has explained that the definition includes both the signatory to the underlying note and any mortgagor. Id. (concluding that a spouse was a "borrower" even though she signed a modification agreement for a mortgage but not the underlying note). That is the only reason why Plaintiff received the Pre-Foreclosure Notice.

None of the decisions Plaintiff cites changes this outcome. For example, Plaintiff invokes Dunham v. Portfolio Recovery Associates, 663 F.3d 997, 1002 (8th Cir. 2011), but that

8

case only permitted an FDCPA action for "a person who has been abused by a debt collector's harassing tactics . . . [even] if the debt collector contacted the individual by mistake." (Pl.'s Br. at 6); see also Isaac v. RMB, Inc., 12-CV-2030, 2014 WL 3566069, at *5 (N.D. Ala. July 18, 2014) (same). Here, the Complaint contains no allegations of a mistaken identity.

Plaintiff also relies on a series of cases for the proposition that the FDCPA applies to "reverse mortgages." (Pl.'s Br. at 9–10.) But those cases hold no such thing and, in fact, address different issues. See, e.g., Caceres v. McCalla Raymer, LLC, 755 F.3d 1299, 1301 (11th Cir. 2014) (deciding whether a letter was an initial communication under the FDCPA and whether the letter was misleading); Hall v. Nationstar Mortg., LLC, --- F. Supp. 3d ----, 2015 WL 4071581, at *7-8 (E.D. Pa. 2015) (analyzing whether a party has the capacity to sue in her individual capacity rather than her capacity as an executrix); Alhassid v. Bank of America, N.A., 60 F. Supp. 3d 1302, 1324-25 (S.D. Fla. 2014) (determining whether a party was a "debt collector" within the meaning of the FDCPA).

Plaintiff's reliance on the Truth-in-Lending Act ("TILA") is similarly misplaced. (Pl.'s Br. at 6–11 (discussing nonrecourse consumer debt under the TILA).) She has not asserted any TILA violations in the Complaint. Accordingly, this argument is irrelevant, and the Court concludes that Plaintiff is not a

9

"consumer" within the meaning of the FDCPA. Thus, Plaintiff's Section 1692g claim is dismissed.

IV. Section 1692e

Next, the sole allegation that Plaintiff makes under Section 1692e is that the June 2015 Letter "misstate[d] the disclosures required by 15 U.S.C. § 1692g and is misleading in violation of . . . 15 U.S.C. § 1692e and 1692e(10) [sic]." (Compl. ¶ 37.) In her brief, Plaintiff expands on this point, alleging that the June 2015 Letter "fail[ed] to inform the consumer that a dispute must be in writing to obtain verification" in violation of Section 1692g. (See Pl.'s Br. at 20 (emphasis added).)

Section 1692e(10) is a "'catch-all' provision that prohibits '[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.'" Gutierrez v. GC Servs. Ltd. P'ship, No. 09-CV-4606, 2010 WL 3417842, at *3 (E.D.N.Y. Aug. 27, 2010) (quoting 15 U.S.C. § 1692e(10) (alteration in original)). This provision is evaluated under an objective "least sophisticated consumer" standard, Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993), and the determination of whether the June 2015 Letter violates Section 1692e(10) is the Court's to make. See Shami v. Nat'l Enter. Sys., 914 F. Supp. 2d 353, 359-60 (E.D.N.Y. 2012).

Here, Plaintiff's Section 1692e claim stands--and falls--with her Section 1692g claim because both claims rely on Plaintiff

10

being a "consumer." Accord Papetti v. Rawlings Fin. Servs., LLC, 121 F. Supp. 3d 340, 353 (S.D.N.Y. 2015) ("'[T]he standard for determining a violation of § 1692e(10) is essentially the same as that for § 1692g.'" (quoting Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 666-67 (S.D.N.Y. 2006))). As explained above, only consumers are required to receive a Notice of Debt under Section 1692g(a). So even if the June 2015 Letter was a Notice of Debt that altered the statutory requirements to obtain verification, these obligations are irrelevant because Plaintiff is not a consumer. Accordingly, Plaintiff's Section 1692e claim is dismissed.

V. Leave to Replead

The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999) (citing Ronzani v. Sanofi S.A., 889 F.2d 195, 198 (2d Cir. 1990)); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.") Accordingly, Plaintiff is granted leave to replead her claims in a manner consistent with this Court's opinion.

CONCLUSION

Defendant's motion to dismiss (Docket Entry 12) is GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE and with leave to replead. If Plaintiff wishes to file an Amended

11

Complaint, she must do so within thirty (30) days of the date of this Memorandum and Order. If she fails to do so, her claims will be dismissed with prejudice.

                                    SO ORDERED.

                                    /s/ JOANNA SEYBERT
                                    Joanna Seybert, U.S.D.J.

Dated:    September __30__, 2016
          Central Islip, New York