```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JANINE CARBONE, on behalf of
plaintiff and a class,

                Plaintiff,
                                           MEMORANDUM & ORDER
        -against-                          15-CV-5190(JS)(GRB)

CALIBER HOME LOANS, INC.,

                Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:     Abraham Kleinman, Esq.
                   Kleinman, LLC
                   626 RXR Plaza
                   Uniondale, New York 11556

                   Tiffany N. Hardy, Esq.
                   Edelman Combs Latturner & Goodwin LLC
                   20 South Clark Street, Suite 1500
                   Chicago, Illinois 60603

For Defendant:     David T. Biderman, Esq.
                   Perkins Coie LLP
                   1888 Century Park East, Suite 1700
                   Los Angeles, California 90067

                   Manny Joseph Caixeiro, Esq.
                   Jalina Joy Hudson, Esq.
                   Perkins Coie LLP
                   30 Rockefeller Plaza, 22nd Floor
                   New York, New York 10112
```

SEYBERT, District Judge:

Plaintiff Janine Carbone ("Carbone" or "Plaintiff") filed an Amended Complaint alleging that Defendant Caliber Home Loans, Inc. violated the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. (Am. Compl., Docket Entry 23.) Her initial Complaint failed to plausibly allege that she

was a "consumer" within the meaning of the statute.  Because Plaintiff has failed to cure this deficiency, the Court GRANTS Defendant's motion to dismiss the Amended Complaint.  (Mot. to Dismiss, Docket Entry 24.)

BACKGROUND

The Court assumes familiarity with the record but summarizes the relevant portions below.  In doing so, the Court accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor.  Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

Carbone has a residential mortgage loan serviced by Caliber Home Loans, Inc.  (Am. Compl. ¶ 15.)  Carbone signed the mortgage, but her husband signed the promissory note.[1]  (Id.)  As a borrower, Carbone has the right to redeem the property if the principal, interests, and costs are paid.  (Id. ¶ 18.)  Unfortunately, the Carbones fell behind on their payments.  As required by New York law, Caliber sent a pre-foreclosure notice. (Pre-Foreclosure Notice, Am. Compl. Ex. D, Docket Entry 23-4.) This notice, along with a default letter, explained, among other things: "This is an attempt by a debt collector to collect a debt and any information obtained will be used for that purpose."  (Pre-

---

[1] Michael Carbone filed a separate lawsuit, which is currently pending.  See Case No. 15-CV-4914 (E.D.N.Y.).

Foreclosure Notice at 3; Default Ltr., Am. Compl. Ex. E, Docket Entry 23-5, at 3 (omitting capitalization).)

Unhappy with these letters, Carbone filed this lawsuit against Caliber on September 8, 2015. (See Compl., Docket Entry 1.) She alleges that these communications contained "false, deceptive, or misleading representation[s]" in violation of Section 1692(e) of the FDCPA and legally deficient advisories in violation of Section 1692(g). (Compl. ¶¶ 30–32, 37, 43.) Caliber filed a motion to dismiss, which the Court granted. (Sept. 2016 M&O, Docket Entry 22, at 11-12.) In so ruling, the Court concluded that Carbone failed to plausibly allege that she was a "consumer" under the FDCPA and thus Caliber could not have violated Sections 1692(e) or (g). (Id. at 6–11.)

Plaintiff amended her Complaint on October 31, 2016. While this new version amplifies a few facts, none help her cause. (See, e.g., Am. Compl. ¶¶ 16–19.) As a result, the Court grants Defendant's motion to dismiss the Amended Complaint.[2]

---

[2] Carbone raises a number of subsidiary arguments, which the Court already rejected in its prior order. (Sept. 2016 M&O at 9-10.) In short, Carbone attached "Federal Truth-in-Lending Disclosure Statements," (TILA Stmts., Am. Compl. Ex. B, Docket Entry 23-2), but the Amended Complaint, like the initial version, asserts no TILA violations. And contrary to Plaintiff's assertions (Pl.'s Br., Docket Entry 26, at 6-7), only a consumer can bring Section 1692(e) claims, Papetti v. Rawlings Fin. Servs., LLC, 121 F. Supp. 3d 340, 348, 353 (S.D.N.Y. 2015).

DISCUSSION

I. Standard of Review

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

II. FDCPA Claims

To assert a claim under the FDCPA, a plaintiff must allege, among other things, that she is a "consumer." Polanco v. NCO Portfolio Mgmt., Inc., 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015) (citing Plummer v. Atl. Credit & Fin., Inc., 66 F. Supp. 3d 484, 488 (S.D.N.Y. 2014)). The FDCPA defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

To date, the Second Circuit Court of Appeals has not addressed "whether the initiation of a foreclosure action is done in connection with the collection of any debt." Carlin v. Davidson Fink LLP, 852 F.3d 207, 213 n.1 (2d Cir. 2017) (internal quotation marks and citation omitted). It is true, as Plaintiff argues (Pl.'s Br. at 14), that the Sixth Circuit classifies mortgage

4

foreclosure as "debt collection under the FDCPA." Glazer v. Chase Home Fin. LLC, 704 F.3d 453, 461 (6th Cir. 2013). But "[t]he Sixth Circuit's rationale in Glazer has been rejected by numerous other Circuits," including the Fifth, Ninth, and Eleventh Circuits. Salewske v. Trott & Trott P.C., No. 16-CV-13326, 2017 WL 2888998, at *5 n.2 (E.D. Mich. July 7, 2017) (collecting cases); Aurora Loan Servs., LLC v. Kmiecik, 992 N.E.2d 125, 133 (Ill. App. Ct. 2013) ("It appears that the majority view is that mortgage foreclosure is not debt collection within the meaning of the FDCPA."). After all, a mortgage is a security interest, not a payment obligation. Hill v. DLJ Mortg. Capital, Inc., No. 15-CV-3083, 2016 WL 5818540, at *7 (E.D.N.Y. Oct. 5, 2016), aff'd on other grounds, 689 F. App'x 97 (2d Cir. 2017). And "[t]he object of a non-judicial foreclosure is to retake and resell the security, not to collect money from the borrower." Vien-Phuong Thi Ho v. ReconTrust Co., NA, 858 F.3d 568, 572 (9th Cir. 2016), pet. for cert. docketed, No. 17-278 (U.S. Aug. 22, 2017).

Pre-foreclosure notices, like the one Caliber sent, "are entirely different from the harassing communications that the FDCPA was meant to stamp out." Id. at 574. In fact, New York law requires that these notices be disseminated to protect homeowners. See N.Y. REAL PROP. ACTS. LAW § 1304(1); Avail Holding LLC v. Ramos, No. 15-CV-7068, 2017 WL 979027, at *2 (E.D.N.Y. Mar. 10, 2017) ("In response to the mortgage foreclosure crisis, New York enacted

5

. . . a series of legal protections and foreclosure prevention opportunities to homeowners at risk of losing their homes.").[3]

Of course, Caliber's Pre-Foreclosure Notice contained debt-demand language: "This is an attempt by a debt collector to collect a debt and any information obtained will be used for that purpose." (Pre-Foreclosure Notice at 3; Default Ltr. at 3 (omitting capitalization).) "This statement, however, does not convert the non-judicial foreclosure into an attempt to collect a debt under the FDCPA." Evalobo v. Aldridge Pite, LLP, No. 16-CV-0539, 2016 WL 7379021, at *5 (D. Nev. Dec. 20, 2016) (analyzing nearly identical language) (citation omitted). As noted above, Caliber sent its notice to meet statutory requirements, not to collect any debt. Thus, Mrs. Carbone has failed to plausibly allege that she is a "consumer" under the FDCPA. She is not "allegedly obligated to pay a[ ] debt," 15 U.S.C. § 1692a(3), and so her claims under Sections 1692(e) and (g) fail for that reason.

---

[3] At any rate, out-of-circuit courts have permitted FDCPA claims if the debt collector also seeks a deficiency judgment. Kabir v. Freedman Anselmo Lindberg LLC, No. 14-CV-1131, 2015 WL 4730053, at *4 (N.D. Ill. Aug. 10, 2015); Goodin v. Bank of Am., N.A., 114 F. Supp. 3d 1197, 1206-07 (M.D. Fla. 2015). But in New York, "defendants cannot file a motion for a deficiency judgment against plaintiff until after the foreclosure sale," so Caliber has "not engaged in any conduct related to the collection of money to date." See Hill, 2016 WL 5818540, at *7, n.9.

III. Leave to Amend

"When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint," Hayden v. Cty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999), unless doing so would be futile, Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 399 (S.D.N.Y. 2002). Carbone already filed an Amended Complaint and failed to identify other communications from Caliber that could be construed as attempts to collect a debt against her and thus serve as the basis for FDCPA claims. On that basis, the Court DENIES leave to amend.

CONCLUSION

Defendant's motion to dismiss (Docket Entry 24) is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to enter judgment in favor of Defendant and mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September  19  , 2017
         Central Islip, New York